MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, First Unum Life Insurance Company

By: _____
        Steven P. Del Mauro

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA PRICE, | |
| Plaintiff, | CIVIL ACTION NO. 08-cv-03709(DAB) |
| vs. | |
| FIRST UNUM LIFE INSURANCE CO., | |
| Defendant. | |

### CIVIL ACTION – ANSWER AND AFFIRMATIVE DEFENSES

First Unum Life Insurance Company ("First Unum") by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of answer to the summons with endorsed complaint filed on behalf of Lisa Price ("Price"), alleges and says:

First Unum denies each and every allegation, cause of action and claim for damages asserted on behalf of Price.

### AFFIRMATIVE DEFENESES

1. The complaint fails to state a claim upon which relief may be granted.

2. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of waiver.

3. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of laches.

4. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of estoppel.

5. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unclean hands.

6. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unjust enrichment.

7. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of offset.

8. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of recoupment.

9. The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of avoidable consequences.

10. The causes of action and/or relief sought should be barred and/or precluded by virtue of the applicable period and/or statute of limitations.

11. The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue.

12. The causes of action and/or relief sought should be barred and/or precluded by virtue that defendant's determination regarding plaintiff's entitlement to benefits was reasonable and was neither arbitrary nor capricious.

13. The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which ought to be accorded the claim determination.

14. The causes of action and/or relief sought should be barred and/or precluded by virtue of plaintiff's failure to exhaust administrative remedies.

15. To the extent that plaintiff purports to seek legal damages, said request should be stricken from plaintiff's complaint for the reason that said damages are not recoverable under ERISA as a matter of law.

16. Any remedy available for any act or omission by defendant is limited solely to those remedies available under ERISA.

                              McElroy, Deutsch, Mulvaney & Carpenter, LLP
                              Attorneys for Defendant, First Unum Life
                              Insurance Company

                              By:_____
                                  Steve P. Del Mauro

Dated: April 21, 2008
1078392_1.doc